IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**STONEY GLENN,**
**D.O.C. # A51181,**

      **Plaintiff,**

**vs.**                        **Case No.  4:21cv405-WS-MAF**

**SERGEANT SCHULTHISE,**
**and OFFICER MICHEALIS,**

      **Defendants.**
_____/


## REPORT AND RECOMMENDATION

Plaintiff initiated this case in October of 2021.  Plaintiff was subsequently granted in forma pauperis status, ECF No. 14, and he has been provided several opportunities to submit a complaint that includes his litigation history.  Before the Court is the pro se Plaintiff's third amended complaint, ECF No. 22.  Plaintiff's third amended complaint (hereinafter "complaint") has been reviewed as required by 28 U.S.C. § 1915A.

Plaintiff is a prisoner in the Florida Department of Corrections.  ECF No. 22 at 2.  He is suing two deputies from the Leon County Sheriff's Office who were involved in transporting him in December of 2017 to a hearing in

state court on his Rule 3.850 motion.  *Id.* at 5.  The Defendants are sued in both their individual and official capacities.  *Id.* at 2-3.

Plaintiff alleges that he suffers from "paraplegia on the entire left side of his body" and is "confined to a wheelchair.  *Id.* at 5.  Plaintiff states that he requires "impaired assistance" and asserts his entitlement "to all the rights and privileges granted to him under the Americans with Disabilities Act (ADA."  *Id.*

According to Plaintiff, Defendant Michaelis transported Plaintiff from prison to the county jail for a hearing on his post-conviction motion.  *Id.* Plaintiff was transported in a "regular transport van" which he said caused him "pain and discomfort."  *Id.*  He claimed Defendant Michaelis disregarded his complaints.  *Id.*

On the day of Plaintiff's hearing, Defendant Michaelis was once again the transport officer and directed "Plaintiff to get on the regular transport van to be transported" to the Leon County Courthouse for the hearing.  *Id.* at 6.  Plaintiff informed Defendant Michaelis that he "needed a wheelchair van" and asserted he "was actually entitled to one under ADA provisions." *Id.*  Defendant Michaelis cursed at Plaintiff and was "belligerent," and

ultimately gave Plaintiff "an ultimatum: either get on the van or forfeit his opportunity to be heard at his hearing."  *Id.*

Plaintiff further alleges that Defendant Schulthise was the officer in charge of transport and was present at the time of the incident between Plaintiff and Defendant Michaelis.  *Id.* at 7.  Plaintiff claims that Defendant Schulthise "stood by and allowed" Defendant Michaelis to violate Plaintiff's rights "without any intervention or corrective action."  *Id.*  He further contends that Defendant Schulthise did not ensure Plaintiff "had adequate transportation to appear in court for his hearing," and denied Plaintiff his First Amendment rights and his rights under the ADA.  *Id.*

Plaintiff has asserted a First Amendment claim for the denial of access to the courts, and contends his Rule 3.850 motion was "denied without him being heard on the matter."  *Id.* at 8.[1]  Plaintiff also raised a second claim for a violation of Title II of the Americans with Disabilities Act (ADA).  *Id.* at 9.

First, Plaintiff's ADA claim is insufficient.  "Only public entities are liable for violations of Title II of the ADA."  Edison v. Douberly, 604 F.3d

---

[1] Notwithstanding that assertion, Plaintiff stated that he was represented by counsel who was present at the courthouse for the hearing.  ECF No. 22 at 7.

1307, 1308 (11th Cir. 2010) (quoted in Hunt v. Warden, 748 F. App'x 894, 898 (11th Cir. 2018)); see 42 U.S.C. § 12132.  As the Eleventh Circuit explained in Hunt v. Warden, individual prison officials who are sued in their individual capacities "are not public entities and cannot be held liable under Title II."  748 F. App'x at 898; *see also* Mazzola v. Davis, 776 F. App'x 607, 610 (11th Cir. 2019) (quoting Edison v. Douberly, 604 F.3d 1307, 1308 (11th Cir. 2010), in stating that "[o]nly public entities are liable for violations of Title II of the ADA").  Plaintiff's claims against the Defendants in their individual capacities cannot proceed.

Second, to the degree the sheriff deputies are sued in their official capacities, the claim is actually brought against the Leon County Sheriff's Office.  Such an entity would constitute a "public entity" under the ADA. *See* Hunt, 748 F. App'x at 898–99 (citing to 42 U.S.C. § 12131(1) which defines "public entity" to mean "any State or local government," "any department, agency, special purpose district, or other instrumentality of a State or States or local government").

Nevertheless, Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a

public entity, or be subjected to discrimination by any such entity."  42

U.S.C. § 12132.  Here, Plaintiff was neither excluded from participation in

the court proceeding or subjected to discrimination by the Defendants.  He

was provided - or at least offered - transportation to the courthouse in the

same manner that was provided to all other inmates.  Plaintiff choose not to

accept the transportation provided, even though that same manner of

transportation had previously been used to transport him to the county jail.

There are no facts alleged to show that Plaintiff's refusal to be transported

in a wheelchair accessible van was a medical necessity or that he could

not be safely transported in the van.  Rather, Plaintiff merely desired to be

transported in the van of his preference - a wheelchair van.[2]

The ADA guarantees equal access and "entitles disabled persons to

'reasonable accommodations, not to optimal ones finely tuned to [their]

preferences." Nunes v. Massachusetts Dep't of Correction, 766 F.3d 136,

146 (1st Cir. 2014) (quoted in Medina v. City of Cape Coral, Fla., 72 F.

Supp. 3d 1274, 1279 (M.D. Fla. 2014)).  Meaningful access to programs

and services does not mean preferential treatment, nor is a government

---

[2] Notably, there are no allegations which indicate that a "wheelchair van" was owned
or operated by the Leon County Sheriff's Office.  ECF No. 22.

entity "required to provide every requested accommodation." A.M. ex rel. J.M. v. NYC Dep't of Educ., 840 F. Supp. 2d 660, 679–80 (E.D.N.Y. 2012), aff'd sub nom. Moody ex rel. J.M. v. NYC Dep't of Educ., 513 F. App'x 95 (2d Cir. 2013). "[W]hen an individual already has 'meaningful access' to a benefit to which he or she is entitled, no additional accommodation, 'reasonable' or not, need be provided . . . ." A.M. ex rel. J.M., 840 F. Supp. 2d at 680. Plaintiff was able to be transported in a regular transport van even though it was not a "wheelchair van." Doing so was reasonable and provided him with meaningful access. The failure to provide a wheelchair-accessible van did not violate the ADA. *See* Williams v. Newman, No. 17-CV-21725, 2017 WL 3225492, at *5 (S.D. Fla. July 10, 2017), report and recommendation adopted, No. 17-21725-CIV, 2017 WL 3242313 (S.D. Fla. July 28, 2017) (holding that inmate failed to state a claim under the ADA when he missed a court date because a wheelchair van was "in the shop" and unavailable, noting that he although the inmate "was denied transportation," he did not show "that he was excluded from participation in or denied the benefits of a public entity's services, programs or activities or otherwise discriminated against on account of his disability"); Faust v. Massee, No. 5:04-CV-410 (WDO), 2005 WL 1669757, at *4 (M.D. Ga. July

7, 2005), report and recommendation adopted as modified, No. 5:04-CV-410 (WDO), 2005 WL 1994500 (M.D. Ga. Aug. 17, 2005), aff'd, 222 F. App'x 950 (11th Cir. 2007) (concluding that inmate did not show that he was deprived of a service due to his disability when he was transported in a "van that was not wheelchair accessible).

To present a viable ADA claim under Title II, Plaintiff must show that he was "excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was otherwise discriminated against by the public entity" because of his disability. Fontaine v. Inch, No. 20-CV-23438, 2021 WL 616317, at *8 (S.D. Fla. Feb. 17, 2021), reconsideration denied, No. 20-CV-23438, 2021 WL 1165353 (S.D. Fla. Mar. 26, 2021) (citing Bircoll v. Miami-Dade Cnty., 480 F.3d 1072, 1083 (11th Cir. 2007)).  Because he has not done so, Plaintiff's ADA claim is insufficient to state a claim.

What remains is Plaintiff's First Amendment claim for the denial of access to the courts.  The Constitution guarantees prisoners the right of access to the courts.  Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977).  The right of access means a prisoner must have "a reasonably adequate opportunity to present claimed violations of

fundamental constitutional rights to the courts." <u>Lewis v. Casey</u>, 518 U.S. 343, 351, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996) (quotation marks omitted) (quoted in <u>Miller v. Sheriff</u>, 550 F. App'x 722, 724 (11th Cir. 2013)).  To allege a potential claim "arising from the denial of meaningful access to the courts, an inmate must first establish an actual injury." <u>Barbour v. Haley</u>, 471 F.3d 1222, 1225 (11th Cir. 2006) (quoted in <u>Miller</u>, 550 F. App'x at 724).  Actual injury is established by demonstrating that Defendants have frustrated or impeded the prisoner's efforts to pursue a nonfrivolous action challenging either his sentence or conviction, or challenging the conditions of his confinement.  <u>Lewis</u>, 116 S.Ct. at 2181-82; <u>Barbour</u>, 471 F.3d at 1225.  "And the standard for that kind of injury is high—it requires that the prison officials' actions 'impede[ ] the inmate's pursuit of a non-frivolous, post-conviction claim or civil rights action.'" <u>Wilson v. Blankenship</u>, 163 F.3d 1284, 1290 (11th Cir. 1998) (quoted in <u>Mitchell v. Peoples</u>, 10 F.4th 1226, 1230 (11th Cir. 2021)).

Plaintiff has not demonstrated actual injury.  Plaintiff alleged that the state court hearing "was ultimately denied on the merits without his presence."  ECF No. 22 at 7.  Accordingly, Plaintiff has not shown that he was prevented from pursuing a "non-frivolous" post-conviction motion

because of the Defendants' actions, nor has he shown that his motion was denied because he was not present for the hearing.  Rather, Plaintiff's allegations establish that the motion was denied "on the merits." Therefore, this First Amendment claim is insufficient and this case should be dismissed.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's third amended complaint, ECF No. 22, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and all pending motions be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on May 18, 2022.

S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**